(58 Misc. Rep. 273.)

### In re GILFILLAN.

(Supreme Court, Special Term, Erie County. January, 1908.)

1. OFFICERS—CIVIL SERVICE LAW—"DEPUTIES."

Civil Service Law, Laws 1899, p. 809, c. 370, § 21, provides that an honorably discharged soldier of the Spanish War, holding a position by appointment, shall not be removed except for incompetency or misconduct shown after a hearing, etc., but that the section shall not apply to the position of private secretary, cashier, or deputy of any official or department. Section 12 (page 801) provides that a deputy, to be included in the exempt class, shall be a deputy of a principal executive officer authorized by law to act generally in place of his principal. *Held*, that a veteran of the Spanish War holding the position of mortgage tax deputy, which position was authorized by Laws 1905, p. 2080, c. 729, § 311, allowing the county clerk to employ clerks and assistants, and was classified by the state civil service commission, is not a deputy of the county clerk, within section 12, but is a clerk or assistant, and is entitled to the preference allowed such veterans by section 21.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2008–2009.]

2. SAME.

The statutory position of a clerk or assistant of the county clerk authorized by statute cannot be changed by the state civil service commission by merely calling him a deputy, so as to deprive him of the legal rights attached to the statutory office under the civil service law.

**3. SAME—EXEMPT CLASS—CLASSIFICATION.**

The cashier in the county clerk's office, who is intrusted with the collection of mortgage taxes and personally responsible to the county clerk for the collections, is properly classified by the state civil service commission as "cashier mortgage tax bureau" in the exempt class; competitive or noncompetitive examination being impracticable for filling it, and the position being a purely confidential one under the county clerk.

**4. SAME—ABOLITION OF OFFICE—RIGHT OF INCUMBENT TO TRANSFER.**

Under Civil Service Law, Laws 1899, p. 809, c. 370, § 21, providing that, where a civil service position held by an honorably discharged soldier is abolished, the incumbent shall not be discharged from the public service, but shall be transferred to any branch of the civil service for duty in a position he may be fitted to fill, a veteran incumbent of an abolished clerkship is not entitled to be transferred to the position of cashier of mortgage tax bureau, which is exempt from the civil srvice law, nor may he be transferred to a position in the competitive class, where he has never taken a competitive examination, and is not, therefore, on the eligible list.

**5. SAME—PLACING NAME ON SUSPENDED LIST.**

Where the civil service position held by a veteran of the Spanish War was abolished, and he was ineligible to appointment to a position in the competitive class, because not on the eligible list, his only recourse under the civil service law (Laws 1899, p. 795, c. 370) was to have his appointing officer furnish his name to the state civil service commission, with a statement of the circumstances of his removal, to the end that his name might be placed upon a list of suspended employés, as provided by section 21 (page 809), limiting the power of removal of civil service employés.

Mandamus by Andrew B. Gilfillan to compel John H. Price, as county clerk of Erie county, to reinstate him to a position in the civil service. Application denied.

Hamilton Ward, for applicant.
Simon Fleischman, for defendant.

BROWN, J. Under the provisions of section 311 of chapter 729, p. 2080, of the Laws of 1905, the county clerk of Erie county was authorized to retain out of moneys received from taxes on mortgages his necessary expenses for "hire of clerks and assistants, being first approved and allowed by State Board of Tax Commissioners," the county clerk in the month of June, 1905, submitted to the State Board of Tax Commissioners a proposition that he be allowed, as officers in his office for the collection of mortgage taxes, one mortgage tax deputy at a salary of $1,800 per year, one cashier at a salary of $1,400 per year, and one bookkeeper at a salary of $1,200 per year, which allowances were approved by the said Board of Tax Commissioners on or about June 26, 1905, stating that such salaries were for such officers. On or about June 29, 1905, the State Board of Tax Commissioners reported to the State Civil Service Commission that the State Board of Tax Commissioners had approved of such positions, and thereupon the State Civil Service Board adopted a resolution, which was thereafter duly approved by the Governor of the state of New York classifying such positions in the office of the county clerk of Erie county. On or about the 1st day of July, 1905, the county clerk of Erie county employed the applicant, Andrew B. Gilfillan, Lambert Deakers, and Andrew Kurtz to perform duties incident to the collection of mort-

gage taxes in Erie county clerk's office; the county clerk claiming that the applicant, Gilfillan, was appointed to the position of mortgage tax deputy, which contention is denied by the applicant, he claiming that he was appointed as a "clerk and assistant"; the county clerk and Deakers both alleging that Deakers was appointed to the position of cashier, and the county clerk and Kurtz both claiming that Kurtz was appointed to the position of bookkeeper. From the time of their appointment each of these three persons have performed all the duties incident to the collection of taxes on mortgages to the 15th day of November, 1907; the applicant Gilfillan receiving a salary of $1,800, Deakers a salary of $1,400, and Kurtz a salary of $1,200. On October 1, 1907, the county clerk was notified by the State Board of Tax Commissioners that the allowance of $4,400 theretofore allowed to the county clerk out of mortgage taxes for the salaries for the hiring of clerks and assistants under the mortgage tax law had been revised, and that from and after that date, in pursuance of section 299 of said mortgage tax law (Laws 1906, p. 1455, c. 532), the sum of $3,500 per annum would be the allowance for Erie county. By reason of such reduction in such allowance the county clerk determined to abolish the position of mortgage tax deputy, and so notified the applicant, and dismissed him from the service. On the 12th day of November, 1905, the applicant notified the county clerk in writing that he was an honorably discharged soldier, having served as such in the volunteer army of the United States during the Spanish War, and that by reason of such fact he could not lawfully be dismissed from the service or from the position held by him; the county clerk claiming that the applicant was a deputy within the meaning of section 21 of the civil service law (Laws 1899, p. 809, c. 370), and that he was not entitled to the benefits secured to veterans of the Spanish War by virtue of that section.

Section 21 of the civil service law provides that no person holding a position by appointment in the several counties of the state of New York who is an honorably discharged soldier, having served as such in the volunteer army of the United States during the Spanish War, shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice and upon stated charges. Nothing in this section shall be construed to apply to the position of private secretary, cashier, or deputy of any official or department. Section 12 of the civil service law provides that a deputy to be included in the exempt class shall be the deputies "of principal executive officers authorized by law to act generally for and in place of their principals." It is thus seen that the applicant could not lawfully be removed from his position by the county clerk unless he was a deputy of the county clerk; the county clerk was authorized by statute to employ the applicant as a clerk and assistant; the State Civil Service Commission classified the applicant's position as mortgage tax deputy. The only deputy of an official in the Erie county clerk's office known as such by any statute is the deputy county clerk. The only deputy mentioned in the civil service law is as defined above. It is very clear that the mortgage tax deputy named by the State Civil Service Com-

missioner is not the deputy county clerk; it is equally certain that the mortgage tax deputy is not the deputy authorized by law to act generally for and in place of his principal, the county clerk. It necessarily follows that the position called by the State Civil Service Commission as mortgage tax deputy is not the position of a deputy of the county clerk, and that the applicant, although called by the county clerk and State Civil Service Commission a mortgage tax deputy, was not such a deputy of the county clerk so as to deprive him of the benefits of section 21 of the civil service law. The statute authorizing the county clerk to hire clerks and assistants, the State Civil Service Commission was powerless to make such clerk and assistants deputies, so as to deny to them the benefits conferred by the civil service law. The State Civil Service Commission has not made such clerks and assistants deputies of the county clerk; it has not made the applicant any deputy that is known to the law; the mere calling him "mortgage tax deputy" cannot change his statutory position of clerk and assistant to that of deputy. The State Civil Service Commissioners have no power to create new offices, nor to determine that a statutory named office shall be given a new name to the end that the incumbent shall enjoy or be denied legal rights attached to the statutory named office. The State Civil Service Commissioners only deal with officers and positions fixed by law; they cannot change a legal position of clerk to some position unknown to the law; they cannot change a clerk and assistant so defined by statute into a mortgage tax deputy, a position unknown to the law, and in so far as the classification of positions in Erie county clerk's office is claimed to have made the applicant a mortgage tax deputy, and hence unable to enjoy the benefits of section 21 of the civil service law, it did not in law have that effect. The applicant was not such a deputy as denied to him the benefits secured by that statute, and his dismissal from the service by the county clerk upon the grounds that he was a deputy—such a deputy as is referred to in section 21 of the civil service law—was unauthorized.

The position of cashier having been classified by the State Civil Commissioners as cashier, mortgage tax bureau, in the exempt class, for the reason that competitive or noncompetitive examination was found impracticable for filling of the same; the exigencies of the business of collecting taxes on mortgages demanding services strictly within the well-known duties of cashier; the county clerk of Erie county being personally responsible for upwards of $100,000 annually collected as such taxes; the person holding such position being personally responsible to the county clerk for such collections—it must be held that the classification of the position of cashier, mortgage tax bureau, by State Civil Service Commissioners, was within their powers, and that Lambert J. Deakers became in fact and law a cashier, such a cashier as may or may not be appointed or removed at the sole discretion of the county clerk, and for whose qualifications and right to hold the position the civil service law makes no provision. It is purely a confidential position under the county clerk, and he has the sole right to determine who shall or who shall not act for him in that capacity. The position of bookkeeper relative to taxes on mortgages being clear-

ly within the competitive class of the civil service law, it was within the powers of the State Civil Service Commission to classify the position as bookkeeper, mortgage tax bureau, and the incumbent, Andrew J. Kurtz, became in fact and in law a bookkeeper entitled to all the benefits of the civil service law. The State Tax Commissioners having reduced the allowance to the clerk of Erie county for salaries of persons in his employ for performing the service of collecting taxes on mortgages to $3,500, the county clerk by reason thereof abolished the position of mortgage tax deputy or clerk, which was approved by the State Board of Tax Commissioners. While we have seen that the applicant could not have been removed from his position as deputy, yet the position so held by the applicant having been abolished for reasons of economy and insufficient appropriations, it was the duty of the county clerk under the provisions of section 21 of the civil service law to transfer the applicant to any branch of the service under him for duty in such a position as he might be fitted to fill, receiving the same compensation therefor, if there was a vacancy. It was not his duty to transfer the applicant to any position except one to which he, as a matter of right, was legally entitled to be appointed. The applicant could not lawfully claim the right to be transferred to the position of cashier of mortgage tax bureau in place of Lambert Deakers, for the reason that this position is exempt from the civil service law, being a confidential position under the county clerk, who has exclusive discretion of saying who shall be his cashier. The applicant could not lawfully claim the right to be made bookkeeper of the mortgage tax bureau in place of Andrew J. Kurtz, for the reason that this position was in the competitive class and can only be filled from the eligible list determined after a competitive examination, and, while the applicant is a veteran, it is conceded that he has never taken such an examination; he is not eligible for such appointment. The applicant's claim that either Deakers or Kurtz should have been first discharged before his position could be taken from him is not well founded. We have seen that he would have no right to be appointed or transferred to the position of cashier. Andrew J. Kurtz could not legally be dismissed from the service, being in the competitive class, to create a vacancy in the position of bookkeeper to be filled by the applicant, who was not eligible to fill such vacancy. The applicant has no legal right to be transferred to the office of cashier. That would not entitle him to be transferred to any of the exempt positions, even deputy county clerk. There is no vacancy in any position in the office of the county clerk, and I know of no law that compels the county clerk to create a vacancy, such as is asked for in these proceedings, for the purpose of furnishing employment to a veteran.

The only apparent legal right to which the applicant is entitled by reason of his being a veteran of the Spanish War is to have the county clerk of Erie county furnish his name to the State Civil Service Commission, with a statement to the effect that his position as clerk in the mortgage tax bureau having been abolished or made unnecessary by reason of the reduced appropriation for that business, and that his services are no longer required in such position, to the end that the

State Civil Service Commission shall place his name upon a list of suspended employés as provided by section 21 of the civil service law. It appearing that the county clerk of Erie county has already performed the duty of so notifying the State Civil Service Commission as required by section 21 of the civil service law, the application for a writ of mandamus is hereby denied, without costs.